IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:11-cv-24187-KMM

SOUTH BEACH MORTGAGE &
INVESTMENT, CORP.,

    Appellant,

vs.

GERARDO AVENDANO AVILA,
and DIANA PATRICIA QUIROS,

    Appellees.
_____/

## ORDER

THIS CAUSE is before the Court on appeal from the bankruptcy court's September 14, 2011 Order Confirming Fourth Amended Chapter 13 Plan. This Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 158(a)(1) and Fed. R. Bankr. P. 8001. For the reasons stated herein, the bankruptcy court's judgment is affirmed.

## FACTUAL BACKGROUND

This case involves increasingly common adversaries: a second mortgage lender and a borrower. On October 12, 2005, Debtor-Appellees Gerardo Avendano Avila and Diana Patricia Quiros filed a Chapter 7 bankruptcy petition,[1] and on February 6, 2006 Appellees were discharged from their debts. Soon thereafter, Appellees applied for a second mortgage. Despite Appellees recent Chapter 7 petition, Creditor-Appellant South Beach Mortgage & Investment, Corp. ("SB Mortgage") extended Appellees a second mortgage secured by "the strength of the value of the [Debtor's] real estate." Appellant's Br., at 29.

---

[1] See In re Quiros, No. 05-43180-RAM (Bankr. S.D. Fla. Oct. 12, 2005).

1

Appellees ultimately defaulted on their first and second mortgages, and on March 30, 2009, SB Mortgage initiated foreclosure proceedings against Appellees. Several months later, the state court entered a final judgment in favor of SB Mortgage and scheduled Appellees' home to be sold on December 2, 2010. The day before the sale, however, Appellees filed a Chapter 7 bankruptcy petition, which delayed the sale of their home. On January 12, 2010, Appellees amended the Chapter 7 petition to reflect a Chapter 13 petition. A trustee was appointed and Appellees filed some of their initial compliance documents and a Chapter 13 plan.

The next day, the bankruptcy court scheduled a meeting of creditors for February 4, 2010. Several days before the meeting, however, the trustee filed a Motion to Dismiss for the Appellee's failure to provide relevant tax information pursuant to 11 U.S.C. § 521(e)(2)[2] and § 1308.[3] Appellees did not respond to this Motion, nor did Appellees attend the meeting of creditors on February 4, 2010. Accordingly, on February 16, 2012, the trustee filed a Motion for Entry of Order Dismissing Case due to the Appellee's failure to appear at the meeting of creditors and for failure to make pre-confirmation plan payments. The bankruptcy court granted the trustee's motion and on February 18, 2012 dismissed the Appellees' Chapter 13 petition with prejudice for a period of 180 days. The dismissal ordered that any "motion to rehear, reconsider,

---

[2] Title 11 U.S.C. § 521(e)(2)(A) states that "the Debtor shall provide not later than 7 days before the date first set for the first meeting of creditors, to the trustee a copy of the Federal income tax return required under applicable law for the most recent tax year ending immediately before the commencement of the case and for which a Federal income tax return was filed. . . . (B) If the debtor fails to comply with . . . subparagraph (A), the court shall dismiss the case unless the debtor demonstrates that the failure to so comply is due to circumstances beyond the control of the debtor."

[3] Title 11 U.S.C. § 1308 states that no "later than the day before the date on which the meeting of the creditors is first scheduled to be held under section 341(a), if the debtor was required to file a tax return under applicable nonbankruptcy law, the debtor shall file with appropriate tax authorities all tax returns for all taxable periods ending during the 4-year period ending on the date of the filing of the petition."

2

or vacate this order dismissing case must be filed in accordance with the requirements of Local Rule 9013-1(E)." Order, at 2 (ECF No. 2-3, at 84).[4]

Approximately one month after their Chapter 13 petition was dismissed, Appellees filed a Motion to Vacate the bankruptcy court's dismissal. An evidentiary hearing on Appellees' Motion was held, and on April 23, 2010 the bankruptcy court granted Appellees' Motion and vacated its prior Order of Dismissal. SB Mortgage filed an interlocutory appeal. While the appeal was pending, Appellees filed a Motion to Value and Determine the Secured Status of the Lien on the Real Property Held by SB Mortgage (the "lien stripping motion"). On December 3, 2010, the bankruptcy court held the value of Appellees' property to be less than the balance of the first mortgage, and accordingly, "stripped off" SB Mortgage's lien on Appellees' property and classified SB Mortgage as an unsecured creditor. Meanwhile, on January 11, 2011 this Court denied SB Mortgage's appeal for lack of jurisdiction.[5]

The bankruptcy court subsequently denied a Motion to Dismiss that SB Mortgage had previously filed, and on September 14, 2011—over SB Mortgage's objections—the bankruptcy court confirmed Appellees' Fourth Amended Chapter 13 plan. SB Mortgage now appeals several of the bankruptcy court's orders and presents the following issues:

(1) Whether the bankruptcy court had jurisdiction to vacate its order of dismissal;

(2) Whether the bankruptcy court erred in vacating its dismissal;

---

[4] United States Bankruptcy Court for the Southern District of Florida Local Rule 9013-1(E) requires any motion to rehear, reconsider, or vacate an order dismissing a Chapter 13 case filed by an attorney to be accompanied by a "certificate which states that the debtor has tendered to the attorney all funds required to be paid under the debtor's plan to bring the plan current as of the date of the motion and that said funds are in the attorney's trust account."

[5] See Order Denying Appellant's Motion for Leave to Appeal, S. Beach Mortg. & Inv., Corp. v. Avila, No. 11:10-cv-22255-KMM (S.D. Fla. Jan. 11, 2011).

3

(3) Whether the bankruptcy court erred in finding that Appellees were eligible for Chapter 13 relief; and

(4) Whether the bankruptcy court erred in approving Appellees' Chapter 13 plan.

## DISCUSSION

### A. Standard of Review

"The district court must accept the bankruptcy court's factual findings unless they are clearly erroneous, 'but reviews a bankruptcy court's legal conclusions de novo.'" In re Englander, 95 F.3d 1028, 1030 (11th Cir. 1996). Mixed questions of law and fact are also reviewed de novo. In re Lentek Int'l, Inc., 346 Fed. App'x 430, 433 (11th Cir. 2009). "Under de novo review, [a] Court independently examines the law and draws its own conclusions after applying the law to the facts of the case, without regard to decisions made by the Bankruptcy Court." In re Brown, No. 6:08-cv-1517-Orl-18DAB, 2008 WL 5050081, at *2 (M.D. Fla. Nov. 19, 2008) (citing In re Piper Aircraft Corp., 244 F.3d 1289, 1295 (11th Cir. 2001)).

### B. The Bankruptcy Court's Jurisdiction

SB Mortgage argues the bankruptcy court lacked jurisdiction to entertain Appellees' Motion to Vacate because the Motion was untimely in light of Federal Rule of Bankruptcy Procedure 9023. Rule 9023 provides that "[a] motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment." FED. R. BANKR. P. 9023. This rule, however, is not the exclusive avenue for a party to request post-judgment relief. Federal Rule of Bankruptcy Procedure 9024 incorporates Federal Rule of Civil Procedure 60, which allows a party to seek relief from a final judgment due to, *inter alia*, "mistake, inadvertence, surprise, or excusable neglect" within a "reasonable time"

4

of the judgment or order from which the party seeks relief.[6] Whether a motion is made pursuant to Rule 59 or Rule 60—in the bankruptcy context, Rule 9023 or Rule 9024—is for the Court to decide. See Livernois v. Med. Disposables, Inc., 837 F.2d 1018, 1020 (11th Cir. 1988). "Nomenclature does not control the legal status of a post-trial motion." Id. (citing Burnam v. Amoco Container Co., 738 F.2d 1230, 1231 (11th Cir. 1984)). "Instead, the court will conduct an independent determination of what type of motion was before the district court." Id. (citing Morgan Guar. Trust Co. v. Third Nat'l Bank of Hampden Cnty., 545 F.2d 758, 760 (1st Cir. 1976)).

Here, it is unclear from the Motion under which rule Appellees sought post-judgment relief. The evidentiary hearing on the Motion, however, reveals that the parties, including counsel for SB Mortgage, treated the Motion as a motion made pursuant to Rule 9024. See Apr. 22, 2010 Evidentiary Hr'g Tr., at 10–11 (ECF No. 2-4, at 44–45) ("I'm looking forward to hearing that testimony and cross-examining, but I don't believe that a miscommunication rises to the level of excusable neglect."). Consequently, this Court finds that the Motion was made pursuant to Rule 9024 and holds that the bankruptcy court had jurisdiction to entertain Appellees' Motion to Vacate. As SB Mortgage has not raised the issue of whether the Motion was made within a "reasonable time" as required by Rule 9024, this Court declines to address the issue.

C. The Bankruptcy Court's Order Vacating Its Dismissal

SB Mortgage next argues the bankruptcy court erred in vacating its dismissal of Appellees' Chapter 13 petition. SB Mortgage claims the bankruptcy court incorrectly placed the burden of proof on SB Mortgage—the non-movant—when deciding whether to grant Appellees'

---

[6] Though depending on the stated grounds for relief, the party's motion must be filed within one year of the judgment or order from which the party seeks relief. FED. R. CIV. P. 60(c).

5

Motion to Vacate. Even if the burden correctly lied with the movant, SB Mortgage contends, Appellees' failed to meet their burden. This Court reviews a bankruptcy court's decision to grant a Rule 9024 motion for abuse of discretion. See Pioneer Inv. Serv. Co v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 398 (1993); In re Mem. Prods. Co., Inc., 212 B.R. 178, 181 (1st Cir. 1997).

It is well-established that the burden of proof lies with the party attacking a judgment. See In re Michael, 285 B.R. 553, 555 (Bankr. S.D. Ga. 2002); In re Norris, 228 B.R. 27, 31 (Bankr. M.D. Fla. 1998); In re Apex Intern. Mgmt. Serv., Inc., 215 B.R. 245, 249 (Bankr. M.D. Fla. 1997). This Court identified Appellees' Motion as a motion made pursuant to Rule 9024 due to the parties' discussion of the "excusable neglect" standard found in FED. R. CIV. P. 60(b). The United States Supreme Court has stated "for purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a . . . deadline is attributable to negligence." Pioneer, 507 U.S. at 394. Whether a party's neglect is "excusable" is an equitable determination, which takes into account "all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay . . . and whether the movant acted in good faith." Id. at 395 (footnotes omitted). A party seeking relief pursuant to Rule 60(b) bears the burden of proving excusable neglect and must do so by a preponderance of the evidence. In re Sukmungsa, 333 B.R. 875, 876 (Bankr. D. Utah 2005); In re Engage, Inc., 315 B.R. 217, 224 (Bankr. D. Mass. 2004).

At the April 22, 2010 Evidentiary Hearing on Appellees' Motion to Vacate, the following discussion took place between counsel for SB Mortgage and the bankruptcy court regarding the burden of proof:

> [Counsel for SB Mortgage]: The issue before you is not so narrowly correct to be whether or not this petition was filed in bad faith. The issue before your Honor is whether or not they can establish whether or not your Honor should reinstate their bankruptcy case.
>
> THE COURT: Well, let me say this, based on what they've stated up until this point, it would have been normally reinstated without even a hearing before the Court, and the real reason we're having the hearing before the Court is because of the objection that's filed.
>
> [Counsel for SB Mortgage]: Correct.
>
> THE COURT: So you having filed the objection, a certain burden falls upon you as an objector to carry a burden of proof to show that it shouldn't be reinstated.

Apr. 22, 2010 Evidentiary Hr'g Tr., at 9–10. As the bankruptcy court was already prepared to grant Appellees' Motion, "based on what [Appellees had already] stated," id., the record suggests the bankruptcy court placed a burden of proof on Appellees. This is confirmed by the bankruptcy court's decision at the conclusion of the evidentiary hearing. The bankruptcy court found Appellees' witness to be "credible and forthcoming" and that Appellees' failure to appear at the meeting of creditors and failure to make pre-confirmation plan payments was attributable to a miscommunication between Appellees and their attorney and Appellees initial inability to pay the pre-confirmation plan payments. See Evidentiary Hr'g Tr., at 64–65. From the record, it is clear the only burden of proof SB Mortgage bore was relative to their assertion that Appellees' had acted in bad faith. The bankruptcy court's statement that a "certain burden [fell upon SB Mortgage] as an objector" was not an effort to shift the burden to SB Mortgage but rather a request that SB Mortgage support its otherwise conclusory allegation of bad faith. Accordingly, this Court finds that the bankruptcy court properly placed the burden of proof regarding the Motion to Vacate on Appellees, and that the bankruptcy court did not abuse its discretion in granting Appellees' Motion to Vacate.

7

### D. The Bankruptcy Court's Finding That Appellees Were Eligible for Chapter 13 Relief

According to SB Mortgage, the bankruptcy court erred in finding Appellees eligible for Chapter 13 relief because Appellees' Chapter 13 petition was barred due to their prior discharge pursuant to Chapter 7. Title 11 U.S.C. § 1328(f)(1) provides, in relevant part, that "the court shall not grant a discharge of all debts provided for in the plan or disallowed under section 502, if the debtor has received a discharge—(1) in a case filed under chapter 7, 11, or 12 of this title during the 4-year period preceding the date of the order for relief under [Chapter 13]." Id. Though this section precludes a debtor from receiving a discharge under Chapter 13 within four years of having received a discharge under Chapters 7, 11, or 12, contrary to Appellant's contention, the section "in no way limits any other rights available to the debtor under the Bankruptcy Code, such as the right to strip off unsecured junior liens under [11 U.S.C.] § 506(a) and § 1322." In re Scantling, 465 B.R. 671, 681 (Bankr. M.D. Fla. 2012); see also In re Fair, 450 B.R. 853, 856–57 (Bankr. E.D. Wis. 2011). This is supported by the fact that "Bankruptcy Code § 109—entitled 'Who may be a debtor'—contains express limitations on eligibility for chapter 13 relief" and that "[e]ligibility for a discharge is not included among those limitations." Scantling, 465 B.R. at 681. Moreover, "the operation of the automatic stay under [11 U.S.C.] § 362 is not dependent upon the debtor's eligibility for a discharge." Id. As the court in Scantling noted, "A central purpose of chapter 13 is to save homes" and that "in many Chapter 13 cases, 'it is the ability to reorganize one's financial life and pay off debts, not the ability to receive a discharge, that is the debtor's "holy grail."'" Id. at 682 (footnotes omitted) (quoting In re Bateman, 515 F.3d 272, 283 (4th Cir. 2008)). Thus, the bankruptcy court did not err in holding that Appellees' prior discharge was not a bar to their Chapter 13 petition.

8

Appellant further argues that Appellees were ineligible for Chapter 13 relief because Appellees filed their Chapter 13 petition and plan in bad faith. Title 11 U.S.C. § 1325 requires a bankruptcy court to confirm a Chapter 13 plan if, *inter alia*, the plan was proposed in good faith. Id. Some courts have held that "[f]iling a chapter 13 case 'solely for the purpose of the lien avoidance' suggests manipulation of the bankruptcy code and is evidence of bad faith." In re Fair, 450 B.R. 858 (citing In re Hill, 440 B.R. 176, 184 (Bankr. S.D. Cal. 2010)). When determining whether a Chapter 13 petition was filed in good faith, courts take into account:

> [1] the nondischargeability of the debt; [2] the time of the filing of the petition; [3] how the debt arose; [4] the debtor's motive for filing the petition; [5] how the debtor's actions affected creditors; [6] the debtor's treatment of creditors both before and after the petition was filed; and [7] whether the debtor has been forthcoming with the bankruptcy court and the creditors.

In re Sidebottom, 430 F.3d 893, 899 (7th Cir. 2005). Here, Appellees' debt was nondischargeable by virtue of their prior Chapter 7 discharge. Moreover, Appellees (incorrectly) filed the petition on the eve of foreclosure and took months to comply with basic provisions of the bankruptcy code such as the requirement that Appellees provide relevant tax information pursuant to 11 U.S.C. § 521(e)(2) and § 1308. Judging by Appellees' listed debts, however, it appears that Appellees were in considerable financial distress and had legitimate reasons for seeking to reorganize their financial affairs apart from stripping off Appellant's lien. Moreover, it appears that much of Appellees' initial delay was attributable to a lack of funds and excusable neglect attributable to Appellees' attorney. Although Appellees certainly contributed to the perception that their Chapter 13 petition was filed in bad faith, the bankruptcy court did not err in finding that Appellees' Chapter 13 petition and plan were made in good faith.

9

### D. The Bankruptcy Court's Approval of Appellees' Chapter 13 Plan

Appellant argues the bankruptcy court erred in approving a plan that "pays virtually nothing" when Appellees "do not appear to [be] using their best efforts to reduce excessive expenses." Appellant's Br., at 31. Appellant cites no case law, no relevant standard, and fails to direct this Court to a single example of such "excessive expenses" in the record or Appellees' Chapter 13 plan. Having reviewed the record, this Court affirms the bankruptcy court's Order Confirming Appellees' Fourth Amended Chapter 13 Plan.

### CONCLUSION

For the foregoing reasons, the bankruptcy court's September 14, 2011 Order Confirming Fourth Amended Chapter 13 Plan is hereby AFFIRMED. The Clerk of the Court is instructed to CLOSE this case.

DONE AND ORDERED in Chambers at Miami, Florida, this 6th day of June, 2012.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record